IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Chaddrik Timmons, | ) | Civil Action No. 0:11cv-245-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. H. Sims, IV, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* as provided by 28 U.S.C. § 1915. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that this matter be dismissed without prejudice and without issuance of process. The Plaintiff has failed to object. After a review for errors of law, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff).

In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. §§ 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)); *see also Samuel v. Ozmint*, C/A No. 3:07-178-PMD, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to the taking of personal property are cognizable under South Carolina state law).

Here, Plaintiff claims that Defendant Sims intentionally and wrongfully confiscated Plaintiff's watch during a search of his cell. While Plaintiff indicates that he notified Warden Willie Eagleton of Defendant Sims' actions, Plaintiff provides no factual allegations to indicate that the theft or confiscation of his watch was approved by prison policy or supervisory officials. As Plaintiff complains of an apparently unauthorized deprivation of property, for which he has a meaningful post-deprivation remedy,

2

Plaintiff's claim against Defendant Sims must be dismissed for failure to state a claim upon which relief may be granted. Further, to the extent Plaintiff's claim may sound in negligence, such an action is not cognizable under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

## Conclusion

Based on the above, this Court dismisses the above-captioned action without prejudice and without issuance of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 28, 2011
Charleston, South Carolina